OPINION
{¶ 1} Defendant-appellant Douglas Samples appeals his conviction and sentence entered by the Stark County Court of Common Pleas on one count of possession of a deadly weapon while under detention, following a jury trial. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On January 12, 2004, the Stark County Grand Jury indicted appellant on one count of possession of a deadly weapon while under detention, in violation of R.C. 2923.131(A), a felony of the fifth degree. Appellant entered a plea of not guilty to the charge at his arraignment on January 16, 2004. The matter proceeded to jury trial on February 12, 2004.
 {¶ 3} At trial, Deputy Randy Cole testified he was working at the Stark County Jail on December 1, 2003, when he and his staff were advised one of the inmates possibly possessed a weapon. Officers conducted a safety and security inspection, also known as a "shakedown," in the suspect cellblock. At the time of the shakedown, there were eleven inmates occupying this particular cellblock. Officers separated the two suspected inmates, including appellant, and secured the other inmates.
 {¶ 4} Deputy Cole searched appellant's personal area and found a 4 inch spike nail taped with a band-aid to a bar next to appellant's mattress. Despite repeated instructions not to do so, appellant kept his mattress on the floor instead of on his cot. Deputy Cole confiscated appellant's jail issued sandals, and discovered a hole in the left sandal which appeared to match the size and shape of the spike nail. Through subsequent testing, the deputy found the nail fit precisely into the hole in the sandal. The deputy noted, in his many years of law enforcement and corrections experiences, he has seen many different items fashioned into weapons, including nails of the particular type he found with appellant's belongings.
 {¶ 5} Nicholas Criss was an inmate at the county jail on December 1, 2003. Criss had been in jail for approximately twelve days prior to December 1, 2003. Criss testified he and appellant were cellmates, and their beds were located next to each other. One morning in November, 2003, while Criss was preparing to go to court, he accidentally put on appellant's jail-issued sandals. Appellant stopped Criss, and told him he did not want to wear those sandals, showing Criss the nail in the bottom of the sandal. Criss also testified appellant told him he (appellant) thought another inmate was going to disclose the existence of the nail to jail authorities, so appellant attempted to pencil the bottom of the sandal to hide the rust marks caused by the nail.
 {¶ 6} Officer Thomas Jones testified he was working at the county jail on December 1, 2003, and participated in the shakedown. Officer Jones testified the cellblock had been emptied and he was standing with the inmates in the hallway while the search of the cell block was conducted. He noted the inmates did not have access to the area in which the search was being conducted. Jones further testified the 4 inch spike nail was not located in or removed from any item in the particular cellblock, but would have had to been brought into the jail.
 {¶ 7} Following the presentation of evidence and deliberations, the jury found appellant guilty of one count of possession of a deadly weapon while under detention. The trial court immediately proceeded to sentencing. The trial court ordered appellant serve a 12 month term of imprisonment, consecutive to any other sentence he was currently serving.
 {¶ 8} It is from this conviction and sentence appellant appeals, raising the following assignments of error:
 {¶ 9} "I. Appellant's conviction for possession of a deadly weapon while under detention was against the manifest weight and sufficiency of the evidence.
 {¶ 10} "II. The trial court erred in imposing the maximum sentence without complying with the statutory criteria or making the requisite findings."
 I {¶ 11} In his first assignment of error, appellant raises sufficiency of the evidence and manifest weight and claims.
 {¶ 12} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant=s guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 13} When applying the aforementioned standard of review to the case sub judice, based upon the facts noted supra, we do not find, as a matter of law, appellant's conviction was based upon insufficient evidence.
 {¶ 14} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine Awhether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, citing State v. Martin (1983),20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses= demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 15} Appellant was charged with possession of a deadly weapon while under detention. R.C. 2923.11(A) defines "deadly weapon" as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."
 {¶ 16} Appellant maintains, "It is not enough to prove that an item is capable of inflicting death to be considered a deadly weapon." Brief of Appellant at 5. He asserts the evidence did not establish he ever used the nail as a weapon, ever brandished it, or threatened anyone with it; therefore, was insufficient to prove the nail was a deadly weapon. We disagree.
 {¶ 17} The evidence presented at trial demonstrated the 4 inch nail was found taped to the bottom of a bar next to appellant's mattress along with appellant's other personal items. No other inmate slept near or kept his personal items in that area, and no one had been in the area prior to the shakedown. Deputy Cole inspected the jailissued sandals appellant was wearing during the shakedown, and found a hole in the left shoe, which matched the size and shape of the nail. Inmate Criss learned of appellant's possession of the nail shortly before the shakedown. Appellant made efforts to hide evidence of the nail, and expressed concerns over other inmates informing the jail staff he was in possession of the nail. We find the aforementioned evidence is sufficient to establish appellant was in possession of the nail.
 {¶ 18} Deputy Cole testified in his many years of law enforcement and corrections experience, he has seen many different items fashioned into weapons, including nails, metal objects, toothbrushes, razors and newspapers. The fact appellant did not actually use the nail as a weapon does not negate its nature as a deadly weapon. Accordingly, we find there was sufficient evidence presented to show appellant was in possession of a deadly weapon. We find appellant's conviction was not against the manifest weight of the evidence.
 {¶ 19} Appellant first assignment of error is overruled.
 II {¶ 20} In his second assignment of error, appellant challenges the trial court's imposition of a maximum sentence. Although in his stated assignment of error, appellant asserts the trial court failed to make the requisite findings, appellant's analysis only addresses the trial court's lack of "reasons" to support a maximum sentence. Appellant states, "The Court is required to make a specific finding of its reasons for imposing such a term." Brief of Appellant at 7. Additionally, appellant notes, "The trial court failed to support its reasons for imposing the maximum prison term." Id. at 8.
 {¶ 21} Pursuant to R.C. 2929.14(C), a trial court may impose the maximum sentence under the following conditions:
 {¶ 22} "(C) * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 23} This statute is to be read in the disjunctive. See,State v. Comersford (June 3, 1999), Delaware App. No. 98CAA01004, unreported. Accordingly, a maximum sentence may be imposed if the trial court finds any of the above listed categories apply.
 {¶ 24} In State v. Redman, Stark App. No. 2002CA00097, 2003-Ohio-646, this Court held:
 {¶ 25} "While a recitation of the statutory criteria alone may be enough to justify more than the minimum sentence, it is not enough to justify the imposition of the maximum sentence. The trial court also must provide its reasons. As stated in R.C.2929.19(B)(2)(d): The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 26} "(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term."
 {¶ 27} Thus, a trial court has discretion to impose a maximum sentence if it determines one of the factors listed in R.C.2929.14(C) exists, and it explains its reasons for imposing a maximum sentence as required by R.C. 2929.19(B)(2)(d).
 {¶ 28} At the sentencing hearing, the trial court stated:
 {¶ 29} "The Court . . . has heard the testimony in this matter. I have also now been provided with the Defendant's lengthy prior criminal record, including numerous incarcerations in the state prison system.
 {¶ 30} "And the Court has balanced all the factors required under the Ohio Revised Code for felony sentencing; one of which is that the longer term may be applied only if the offender poses the greatest likelihood of committing future crimes.
 {¶ 31} "Also look at whether the crime is more serious or less serious and the nature of the conduct. Court also would consider that recidivism is likely in this based upon the fact that he was already in jail at the time that he committed this offense for other offenses. He's done prison terms before.
 {¶ 32} "The Court would, therefore, find that to adequately punish the Defendant and to deter [him] and others from committing future crimes; that the court would order the maximum sentence be served, 12 months in the appropriate state correctional facility.
* * *
 {¶ 33} "The Court would also order that sentence be consecutive to any other sentences that he is presently serving. They are not allied offenses. They are not committed at the same time. They were committed separately."
 {¶ 34} Tr. at 189-191.
 {¶ 35} Based upon the foregoing, we find the trial court provided sufficient reasons for imposing the maximum sentence.
 {¶ 36} Appellant's second assignment of error is overruled.
 {¶ 37} The judgment of the Stark County Court of Common Pleas is affirmed.
Hoffman, P.J., Farmer, J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.